IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

MARIA PADRON               :
                                 :
VS.                         :        CIVIL ACTION NO. _____
                                 :
TRAVELERS LLOYDS OF TEXAS   :
INSURANCE COMPANY       :

## INDEX OF MATTERS BEING FILED

1.     430TH Civil Docket Sheet;

2.     Plaintiff's Original Petition e-filed on 1/13/15;

3.     Plaintiff's letter request Jury Fee dated on 1/13/15;

4.     Plaintiff's request for Citation to be issued on Travelers Lloyds dated on 1/13/15;

5.     Citation issued on Defendant Travelers Lloyds e-filed on 1/15/15;

6.     Officer's Return of Citation e-filed on 2/2/15; and

7.     Defendant Travelers Lloyds Original Answer and Plea in Abatement e-filed on 2/13/15

        Undersigned counsel hereby certifies that the above constitutes the entire State Court's

record, as represented by the Clerk of Court, State Court of Hidalgo County, State of Texas.

Respectfully submitted,

By: _____

**LESLIE LOCKHART**
State Bar No. 24036980
Fed. I.D. No. 737979
**ADAMS & GRAHAM, L.L.P.**
134 E. Van Buren, Suite 301
Harlingen, Texas 78550
TELEPHONE:  956-428-7495
FACSIMILE:   956-428-2954
Email: leslockhart@adamsgraham.com

Attorneys for *Defendant* TRAVELERS LLOYDS OF
TEXAS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this_20th_ day of February, 2015, to the following counsel of record:

Shane Thompson                                      *Via E-file*
**The Voss Law Center**
26619 Interstate 45 South
The Woodlands, Texas 77380
***Counsel for Plaintiff***

_____

**LESLIE LOCKHART**

Civil Action No. _____
Maria Padron v. Travelers Lloyds of Texas Insurance Company

# TAB 1

## TO INDEX OF MATTERS BEING FILED

430TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-0162-15-J

| | | |
|---|---|---|
| Maria Padron<br>VS.<br>Travelers Lloyds of Texas Insurance Company | §<br>§<br>§<br>§ | Location: **430th District Court**<br>Judicial Officer: **Ramon, Israel, Jr.**<br>Filed on: **01/13/2015** |

---

### CASE INFORMATION

Case Type: **Contract - Consumer/Commerical/Debt (OCA)**
Subtype: **Hail Storm 2012 - 370th**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | C-0162-15-J |
| Court | 430th District Court |
| Date Assigned | 01/13/2015 |
| Judicial Officer | Ramon, Israel, Jr. |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Plaintiff** | **Padron, Maria** | *Lead Attorneys*<br>**Thompson, Michael Shane**<br>*Retained*<br>713-861-0015(W) |
| **Defendant** | **Travelers Lloyds of Texas Insurance Company** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/02/2015 | Service Returned<br>*No Fee Documents* | |
| 01/15/2015 | Service Issued<br>*CITATION ISSUED TO Travelers Lloyds of Texas Insurance Company* | |
| 01/15/2015 | **Citation**<br>Travelers Lloyds of Texas Insurance Company<br>Served: 01/22/2015<br>*ENV# 3779893 emailed to karen@vosslawfirm.com* | |
| 01/13/2015 | Notice<br>*Notice* | |
| 01/13/2015 | Original Petition (OCA)<br>*Petition* | |

DATE 2.10.2015
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#9

---

| DATE | FINANCIAL INFORMATION |
|---|---|

| | |
|---|---|
| **Plaintiff** Padron, Maria | |
| Total Charges | 304.00 |
| Total Payments and Credits | 304.00 |
| **Balance Due as of 2/10/2015** | **0.00** |

Civil Action No. _____
Maria Padron v. Travelers Lloyds of Texas Insurance Company

# TAB 2

## TO INDEX OF MATTERS BEING FILED

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NO. _____C-0162-15-J_____

| | | |
|---|---|---|
| **MARIA PADRON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **TRAVELERS LLOYDS OF** | § | |
| **TEXAS INSURANCE COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Maria Padron (hereinafter "Plaintiff"), and complains of Travelers Lloyds of Texas Insurance Company (hereinafter "Travelers"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Pharr, in Hidalgo County, Texas.

### PARTIES

3.      Plaintiff is an individual whose residence is located in Pharr, Hidalgo County, Texas.

PLAINTIFF MARIA PADRON'S ORIGINAL PETITION

DATE 2.20.2015
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #9

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

4.      Defendant Travelers is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## **BACKGROUND**

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 3606 Robin Avenue, Pharr, TX 78577, (the "Property").   In addition to seeking economic and penalty based damages from Travelers, Plaintiff also seeks compensation from Travelers for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Travelers to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through her residential policy, 9781479876761, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 28, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Travelers to help begin the rebuilding process. By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, her residential policy covered Plaintiff during the time period in question.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

11.     Despite Plaintiff's efforts, Travelers continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.     Moreover, Travelers has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.     In the months following, Plaintiff provided information to Travelers, as well as provided opportunities for Travelers to inspect the Property.   However, Travelers failed to conduct a fair investigation into the damage to the Property.   Moreover, Travelers failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite Travelers's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Travelers.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Travelers failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.     Travelers has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Travelers has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Travelers did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

---

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

16.    Travelers has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Travelers in a timely manner.

17.    Travelers has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Travelers that failed to conduct a reasonable investigation. Ultimately, Travelers performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.    Travelers has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Travelers. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Travelers has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

22.     All acts by Travelers were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Travelers and/or were completed in its normal and routine course and scope of employment with Travelers.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Travelers had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Travelers breached this duty in a number of ways, including but not limited to the following:

> a.   Travelers was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;
>
> b.   Travelers had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or
>
> c.   Travelers failed to properly complete all adjusting activities associated with Plaintiff.

25.     Travelers's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.
### BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

---

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

27. According to the policy that Plaintiff purchased, Travelers had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29. Despite objective evidence of such damages, Travelers has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Travelers's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Travelers collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

---

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

which the consumer would not have entered had such information been disclosed;

d.   Using or employing an act or practice in violation of the Texas Insurance Code;

e.   Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.   Failure to properly investigate Plaintiff's claim; and/or

g.   Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Travelers in low-balling and/or denying Plaintiff's damage claim.

32.   As described in this Original Petition, Travelers represented to Plaintiff that her insurance policy and Travelers's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.   As described in this Original Petition, Travelers represented to Plaintiff that its insurance policy and Travelers's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.   By representing that Travelers would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Travelers has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.   Travelers has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

36.     Travelers's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Travelers's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Travelers to her detriment. As a direct and proximate result of Travelers's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Travelers are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Travelers's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Travelers having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Travelers having intentionally committed such conduct.

40.     As a result of Travelers's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the

Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may

show herself to be justly entitled at law and in equity.

### D.
### VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth

within the foregoing paragraphs.

42.     Travelers's actions constitute violations of the Texas Insurance Code, including

but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section

541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section

3(f) (codified as Section 542.058).  Specifically, Travelers engaged in certain unfair or deceptive

acts or practices that include, but are not limited to the following:

a.      Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.      Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.      Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Travelers, and Plaintiff relied upon these unfair or deceptive acts or practices by Travelers to her detriment.  Accordingly, Travelers became the insurer of Plaintiff.

44.     As a direct and proximate result of Travelers's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Travelers's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Travelers having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Travelers having intentionally committed such conduct.

46.     As a result of Travelers's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

**E.**
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.  Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.  By its acts, omissions, failures and conduct, Travelers has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.  Travelers has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Travelers knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Travelers is a proximate cause of Plaintiff's damages.

**F.**
## BREACH OF FIDUCIARY DUTY

50.  Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.  Travelers had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Travelers owed a duty of good faith and fair dealing to Plaintiff. Travelers breached that fiduciary in that:

  a. The transaction was not fair and equitable to Plaintiff;

  b. Travelers did not make reasonable use of the confidence that Plaintiff placed upon it;

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

    c.    Travelers did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d.    Travelers did not place the interests of Plaintiff before its own, and Travelers used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e.    Travelers placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.    Travelers did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.    Travelers is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Travelers's conduct.

### G.
### UNFAIR INSURANCE PRACTICES

53.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.    Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Travelers has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.    Such violations include, without limitation, all the conduct described in this Original Petition, plus Travelers's failure to properly investigate Plaintiff's claim. Plaintiff also includes Travelers's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Travelers's failure to pay for the proper repair of Plaintiff's Property, as to which Travelers's liability had become reasonably clear.

56.    Additional violations include Travelers's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

Travelers's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Travelers's misrepresentations of coverage under the subject insurance policy. Specifically, Travelers is also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Travelers's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Travelers has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Travelers's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

59.    Travelers is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Travelers did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Travelers is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.    Plaintiff would show that Travelers perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages.  Alternatively, Travelers fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.    Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.    By reason of Plaintiff's reliance on Travelers fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

64.     Plaintiff further alleges that because Travelers knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Travelers, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Travelers in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Travelers has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Travelers's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Travelers's conduct was committed knowingly and intentionally.   Accordingly, Travelers is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18%

damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees

pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and

Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original

Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Travelers

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

1.     Please produce Travelers's complete claim files from the home, regional, local
offices, and third party adjusters/adjusting firms regarding the claim that is the subject of
this matter, including copies of the file jackets, "field" files and notes, and drafts of
documents contained in the file for the premises relating to or arising out of Plaintiff's
underlying claim.

2.     Please produce the underwriting files referring or relating in any way to the policy
at issue in this action, including the file folders in which the underwriting documents are
kept and drafts of all documents in the file.

3.     Please produce certified copy of the insurance policy pertaining to the claim
involved in this suit.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

4.     Please produce the electronic diary, including the electronic and paper notes made by Travelers's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Travelers intend to offer these items into evidence at trial.

## INTERROGATORIES

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Travelers expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Travelers or Travelers's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Travelers or any of Travelers's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Travelers's investigation.

5.     Please state the following concerning notice of claim and timing of payment:

    a.     The date and manner in which Travelers received notice of the claim;

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0162-15-J

b.    The date and manner in which Travelers acknowledged receipt of the claim;

c.    The date and manner in which Travelers commenced investigation of the claim;

d.    The date and manner in which Travelers requested from the claimant all items, statements, and forms that Travelers reasonably believed, at the time, would be required from the claimant; and

e.    The date and manner in which Travelers notified the claimant in writing of the acceptance or rejection of the claim.

6.    Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.    When was the date Travelers anticipated litigation?

9.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Travelers's document retention policy.

10.    Does Travelers contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11.    Does Travelers contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.    Does Travelers contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

13.    How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

a.    what performance measures are used; and

b.    describe Travelers's bonus or incentive plan for adjusters.

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-0162-15-J**

## CONCLUSION

77.    Plaintiff prays that judgment be entered against Travelers Lloyds of Texas Insurance Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Travelers Lloyds of Texas Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

/s/ M. Shane Thompson
Scott G. Hunziker
State Bar No. 24032446
M. Shane Thompson
State Bar No. 24003055
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
shane@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

CIVIL CASE INFORMATION SHEET

Electronically Filed
1/13/2015 3:14:04 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

C-0162-15-J

STYLED: MARIA PADRON V. TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name:<br><br>M. Shane Thompson | Email:<br><br>shane@vosslawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>MARIA PADRON | Attorney for Plaintiff/Petitioner<br>*Pro Se* Plaintiff/Petitioner<br>Title IV-D Agency<br>Other: _____ |
| Address:<br><br>26619 Interstate 45 | Telephone:<br><br>(713) 861-0015 | Defendant(s)/Respondent(s):<br>TRAVELERS LLOYDS OF TEXAS<br>INSURANCE COMPANY | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br><br>The Woodlands, TX<br>77380 | Fax:<br><br>(713) 861-0021 | [Attach additional page as necessary to list all parties] | Non-Custodial Parent: |
| Signature: | State Bar No:<br><br>24003055 | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>  XXX Consumer/DTPA<br>  Debt/Contract<br>  Fraud/Misrepresentation<br>  Other Debt/Contract:<br>  Breach of Contract<br>*Foreclosure*<br>  Home Equity—Expedited<br>  Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract:<br>  _____<br>  _____ | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br>  Accounting<br>  Legal<br>  Medical<br>  Other Professional<br>    Liability:<br>  _____<br>Motor Vehicle Accident<br>Premises<br>*Product Liability*<br>  Asbestos/Silica<br>  Other Product Liability<br>    List Product:<br>  _____<br>Other Injury or Damage:<br>  _____ | Eminent Domain/<br>  Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property:<br>  _____<br><br>**Related to Criminal Matters**<br>Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>  Pre-indictment<br>Other: _____ | Annulment<br>Declare Marriage Void<br>*Divorce*<br>  With Children<br>  No Children<br><br><br>**Other Family Law**<br>Enforce Foreign<br>  Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>  of Minority<br>Other:<br>  _____ | Enforcement<br>Modification—Custody<br>Modification—Other<br>**Title IV-D**<br>Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order<br><br>**Parent-Child Relationship**<br>Adoption/Adoption with<br>  Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>  Rights<br>Other Parent-Child:<br>  _____ |
| **Employment** | **Other Civil** | | | |
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment: | Administrative Appeal<br>Antitrust/Unfair<br>  Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br>  Dependent Administration<br>  Independent Administration<br>  Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | | |
|---|---|---|---|
| Appeal from Municipal or Justice Court | Declaratory Judgment | | Prejudgment Remedy |
| Arbitration-related | Garnishment | | Protective Order |
| Attachment | Interpleader | | Receiver |
| Bill of Review | License | | Sequestration |
| Certiorari | Mandamus | | Temporary Restraining Order/Injunction |
| Class Action | Post-judgment | | Turnover |

4. Indicate damages sought (do not select if it is a family law case):
XXX Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees Less than $100,000 and non-monetary relief
Over $100, 000 but not more than $200,000
Over $200,000 but not more than $1,000,000
Over $1,000,000.

Civil Action No. _____
Maria Padron v. Travelers Lloyds of Texas Insurance Company

# TAB 3

## TO INDEX OF MATTERS BEING FILED

C-0162-15-J

# THE VOSS ★ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TELEPHONE (713) 861-0015
FACSIMILE (713) 861-0021
TOLL FREE (866) 203-5411
www.VossLawFirm.com

January 13, 2015

***Via ProDoc E-filing***
Hidalgo County District Clerk

Re:   *Maria Padron vs. Travelers Lloyds of Texas Insurance Company* --   Jury Fee for
New Case Filing

Dear Clerk:

The Voss Law Firm would like to request a Jury Fee in the above-referenced matter.

Your attention to this matter is greatly appreciated.

Very truly yours,

/s/ *Karen Shadbolt*

Karen Shadbolt
Legal Assistant

:ks

DATE 2.10.2015
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#9

Civil Action No. _____
Maria Padron v. Travelers Lloyds of Texas Insurance Company

# TAB 4

## TO INDEX OF MATTERS BEING FILED

C-0162-15-J

# THE VOSS ★ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TELEPHONE (713) 861-0015
FACSIMILE (713) 861-0021
TOLL FREE (866) 203-5411
www.VossLawFirm.com

January 13, 2015

***Via ProDoc E-filing***
Dallas County District Clerk

Re:    *Maria Padron vs. Travelers Lloyds of Texas Insurance Company*
       Request for Citation

Dear Clerk:

The Voss Law Firm has requested, via ProDoc e-filing, that a Citation be issued to Travelers Lloyds of Texas Insurance Company which may be served with process by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, in the above-referenced cause. **Please email the citation to karen@vosslawfirm.com.**

Your attention to this matter is greatly appreciated.

Very truly yours,

/s/ *Karen Shadbolt*

Karen Shadbolt
Legal Assistant

:ks

DATE 2-10-2015
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#9

Civil Action No. _____
Maria Padron v. Travelers Lloyds of Texas Insurance Company

# TAB 5

## TO INDEX OF MATTERS BEING FILED

Electronically Filed
1/15/2015 11:30:20 AM
Hidalgo County District Clerks
Reviewed By: Heather Riojas



**Laura Hinojosa**
Hidalgo County
District Clerk

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents needing to be served.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

DATE 2.10.2015
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#9

Post Office Box 87

Edinburg, Texas 78540

Telephone (956) 318-2200

Fax (956) 318-2251

districtclerk@co.hidalgo.tx.us

C-0162-15-J
## 430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Travelers Lloyds of Texas Insurance Company**
**c/o Its Registered Agent Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX  78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 13th day of January, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-0162-15-J, **MARIA PADRON   VS.   TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**

Said Petition was filed in said court by MICHAEL SHANE THOMPSON, THE VOSS LAW CENTER  26619 INTERSTATE 45  THE WOODLANDS TX  77380.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 15th day of January, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**HEATHER RIOJAS, DEPUTY CLERK**

**C-0162-15-J**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and
executed in _____ County, Texas by delivering to each of the within named
Defendant in person, a true copy of this citation, upon which I endorsed the date of
delivery to said Defendant together with the accompanying copy of the
_____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the
diligence used in finding said defendant, being: _____ and the
cause of failure to execute this process is: _____ and the
information received as to the whereabouts of said defendant, being:
_____. I actually and necessarily traveled _____ miles in the
service of this citation, in addition to any other mileage I may have traveled in the service
of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to
serve a citation must sign the return.  If the return is signed by a person other than a
sheriff, constable or the clerk of the court, the return must either be verified or be signed
under the penalty of perjury.  A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is
_____ and the address is _____,and I
declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____,
201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Civil Action No. _____
Maria Padron v. Travelers Lloyds of Texas Insurance Company

# TAB 6

## TO INDEX OF MATTERS BEING FILED

Electronically Filed
2/2/2015 11:59:43 AM
Hidalgo County District Clerks
Reviewed By: Sonia Ponce

## C-0162-15-J
### 430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Travelers Lloyds of Texas Insurance Company**
**c/o Its Registered Agent Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 13th day of January, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-0162-15-J, **MARIA PADRON VS. TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**

Said Petition was filed in said court by MICHAEL SHANE THOMPSON, THE VOSS LAW CENTER 26619 INTERSTATE 45 THE WOODLANDS TX 77380.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 15th day of January, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**HEATHER RIOJAS, DEPUTY CLERK**

DATE 2.10.2015
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#9

Electronically Filed
2/2/2015 11:59:43 AM
Hidalgo County District Clerks
Reviewed By: Sonia Ponce

## C-0162-15-J
## OFFICER'S RETURN

Came to hand on ___19___ of ___January___, 201_5_ at ___9___ o'clock ___A___.m. and executed in ___Travis___ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the ___Original___ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Travelers Lloyds | 1/22/15 | 7:21A | Austin, TX |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $ __65.00__
       miles ....................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is ___David Voss___, my date of birth is ___10/24/73___ and the address is __115 South Merryweather Circle__, and I declare under penalty of perjury that the ~~foregoing is true and correct.~~ Conroe, Texas 77384

EXECUTED in ___Montgomery___ County, State of Texas, on the __27__ day of ___January___, 201_5_.

_____
**Declarant"**

__9889__          __8/31/15__
_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
2/2/2015 11:59:43 AM
Hidalgo County District Clerks
Reviewed By: Sonia Ponce

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Travelers Lloyds of Texas Ins. Co.
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _SA Ventress_    ☐ Agent  ☑ Addressee

B. Received by (Printed Name)      C. Date of Delivery
   SA Ventress                     1/23/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number     7014 2870 0000 5387 6406
   (Transfer from

PS Form 3811, July 2013          Domestic Return Receipt

Civil Action No. _____
Maria Padron v. Travelers Lloyds of Texas Insurance Company

# TAB 7

## TO INDEX OF MATTERS BEING FILED

Electronically Filed
2/13/2015 3:39:15 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

## CAUSE NO. C-0162-15-J

| | | |
|---|---|---|
| MARIA PADRON,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | |
| | § | HIDALGO COUNTY, TEXAS |
| TRAVELERS LLOYDS OF TEXAS<br>INSURANCE COMPANY,<br>Defendant. | §<br>§<br>§ | 430th DISTRICT JUDICIAL COURT |

## PLEA IN ABATEMENT AND ORIGINAL ANSWER OF DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TRAVELERS LLOYDS OF TEXAS INSURANCE**

**COMPANY ("Travelers"),** and files this its Plea in Abatement and Original Answer in

response to Plaintiff's Original Petition, and in support thereof would show the Court as

follows:

### I.

### PLEA IN ABATEMENT

Plaintiff has failed to give written notice under §17.505 of the Texas Deceptive

Trade Practices Act and under Chapter 541 of the Texas Insurance Code, thereby denying

**Travelers** the statutorily required sixty (60) day pre-filing notice. Accordingly, this case

should be abated until sixty (60) days after appropriate written notice has been given.

Electronically Filed
2/13/2015 3:39:15 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

## II.

## GENERAL DENIAL

**Travelers** denies each and every material allegation in Plaintiff's Original Petition contained and says that the same are not true, in whole or in part, and demands strict proof thereof.

## III.

## SPECIFIC PLEAS AND AFFIRMATIVE DEFENSES

A.    **Travelers** denies Plaintiff's allegation that "all conditions precedent to recovery have been performed, waived, or have occurred". Travelers states that the Plaintiff failed to give timely notice of loss.

B.    **Travelers** admits the issuance of an HO-A policy. **Travelers** reserves the right to amend this Answer to assert defenses or any other applicable terms, provisions, exclusions, limitations or conditions of the Policy that may become apparent during **Travelers'** ongoing investigation and discovery.

C.    Plaintiff has a continuing duty to cooperate under the policy.

D.    **Travelers** pleads the affirmative defense of bona fide dispute.

E.    **Travelers** denies any breach of duty to the Plaintiff with regard to the policy, investigation, handling and determination of the Plaintiff's claims for insurance proceeds.

Electronically Filed
2/13/2015 3:39:15 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

F.     **Travelers** denies that it has violated any provision of the Texas Deceptive

Trade Practices Act in the manner in which the subject homeowner insurance was issued

or in the manner in which Plaintiff's claims for insurance proceeds were handled.

G.     **Travelers** denies that it has violated any provision of Sections 541.060 and

Sections 542.051 *et seq.* of the Tex. Ins. Code.

H.     **Travelers** denies that the Plaintiff is entitled to recover attorney's fees, as

there has been no breach of the insurance contract issued by **Travelers** by virtue of the

handling of the Plaintiff's claims for homeowner's insurance benefits.  In addition,

**Travelers** has not violated any statutory obligation they may have to the Plaintiff that

would give rise to a claim for recovery of attorney's fees.

I.     **Travelers** pleads prior payments, pursuant to the policy, of $6,138.96

(replacement cost value, including depreciation, minus deductible) which was agreed

upon by Plaintiff and Plaintiff's contractor.  Furthermore, Defendant Travelers pleads

such prior payments as credit or offset.


J.     **Travelers** expressly reserves its right to demand appraisal pursuant to the
policy.

K.     **Travelers** would further show that the Plaintiff's actions brought pursuant

to the Texas Insurance Code and Texas Deceptive Trade Practices Act are groundless and

brought in bad faith, or in the alternative, brought for purposes of harassment.  As such,

the Plaintiff is in violation of Tex. Ins. Code 541.153 and § 17.50(c) of the Texas

Electronically Filed
2/13/2015 3:39:15 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

Deceptive Trade Practices Act and **Travelers** is, therefore, entitled to recover its reasonable and necessary attorney's fees and costs in defending against these claims.

L.  **Travelers** pleads all applicable provisions, requirements, standards and limitations set forth in Tex. Civ. Prac. & Rem. Code Chapter 41.

M.  **Travelers** affirmatively pleads the unconstitutionality of punitive, exemplary or enhanced damages, in violation of the due process and due course of law and of equal protection provided by the Constitutions of the United States of America and the State of Texas.

**WHEREFORE, PREMISES CONSIDERED, Travelers** prays that upon final hearing hereof that Plaintiff not recover as prayed for in her Petition, that the Court award **Travelers** their attorney's fees and costs and all other relief, at law or in equity, which it may show itself justly entitled to receive.

Respectfully submitted,
**ADAMS & GRAHAM, L.L.P.**
P. O. Box 1429
Harlingen, Texas 78551-1429
956/428-7495 (Phone)
956/428-2954 (Fax)

By _____
**LESLIE LOCKHART**
State Bar No. 24036980
Email: leslockhart@adamsgraham.com
Attorneys for *Defendant* Travelers Lloyds of Texas
Insurance Company

Electronically Filed
2/13/2015 3:39:15 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

THE STATE   )
       :
OF TEXAS   )


    BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this

day personally appeared **LESLIE LOCKHART**, known to me to be the person whose

name is subscribed hereto, who being first duly sworn in the manner provided by law, on

oath, stated as follows:

     1. "My name is **LESLIE LOCKHART**. I am an attorney of record for
     Defendant. I am over the age of 18 years, am competent and authorized to
     testify and have personal knowledge of the facts set forth herein.

   2. The factual allegations contained in ¶ I. Plea in Abatement are true and
     correct."


          **LESLIE LOCKHART**


    SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the

said **LESLIE LOCKHART**, on the _____ day of February, 2015, to certify which,

witness my hand and seal of office.



LISA ANN FUENTEZ
Notary Public, State of Texas
My Commission Expires
February 02, 2019

[NOTARY SEAL]      Notary public in and for
          the State of Texas

Electronically Filed
2/13/2015 3:39:15 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this ___13th___ day of February, 2015, to the following counsel of record and interested parties:

Shane Thompson                                                    *Via E-filing*
**The Voss Law Firm, P.C.**
26619 Interstate 45 South
The Woodlands, Texas 77380
*Counsel for Plaintiff*



**LESLIE LOCKHART**